UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | |
|---|---|
| IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTES | REPORT AND RECOMMENDATION OF SPECIAL MASTER |
| ------------------------------------------------------------ x | 1:24-MC-03415-BMC-JAM |
| IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTE CONFLICT ID NUMBERS: 249965 (WOW KITCHENS – LAKE ORION), 253950 (MARATHON PETROLEUM CO.), and 258166 (PARAMOUNT FUELS). | 1:26-MC-03641-BMC-JAM |

------------------------------------------------------------ x

**Parties and Representatives**:

Recovery Services & Audit LLC ("RSA")
Michael B. Kay, President
6738 Torybrooke Circle
West Bloomfield, MI 48323
(248) 310-9555
mbk@rsapsllc.com

Stoic Business Solutions LLC ("Stoic")
Christian Wright, President
202 S Old Glory Road
Maryville, TN 37801
(865) 705-9158
christian@stoicbiz.com

Rule 23(b)(3) Class Plaintiffs (the "Class") Alexandra S. Bernay
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
xanb@rgrdlaw.com
Class Counsel

## I. Background

RSA and Stoic have both registered with the Class Administrator to claim a share of the proceeds of the settlement fund in *In re Payment Card Interchange Fee Merchant Discount Antitrust Litigation*, Dkt. no. 05-MD-1720 (E.D.N.Y.) ("*MDL 1720*") arising out of the payment card transactions of the following three merchants, each identified by the name registered with the Class Administrator and the last four digits of its Taxpayer Identification Number ("TIN"): Wow Kitchens – Lake Orion, TIN ending in 1372; Marathon Petroleum Co., TIN ending in 4209; and Paramount Fuels, TIN ending in 3418.[1]

RSA is a third-party claims filer ("TPF") that has registered the relevant TINs based on the authorization of Iven Sharrak ("Sharrak").[2] Stoic is also a TPF and has registered the same TINS based on the authorization of Marah Karana ("Karana"), whose name was formerly Marah Sharrak when she and Iven Sharrak were married. The conflicts thus arise from a dispute about who, as between Sharrak and Karana, has authority to engage an agent to register the TINs. The record before me includes the following documents:

---

[1] Before submitting a claim to receive the settlement proceeds corresponding to the payment card transactions of a merchant member of the Rule 23(b)(3) Settlement Class (the "Class"), a party must first register that merchant's TIN with the Class Administrator. The registrant must provide proof that it is the owner (or authorized representative of the owner) of the claim corresponding to that merchant TIN. In the absence of supporting documentation, this requirement can also be satisfied by providing the Claimant ID and Control Number printed on the original prepopulated claim forms that were mailed to known class members. Once the registrant establishes such authority, the Class Administrator updates the registrant's status to "approved." If there is only one approved registrant for a given TIN, the registrant may submit a claim for that TIN. In cases where multiple parties have registered the same TIN, the Class Administrator designates the TIN as being in "conflict" and does not permit any registrant to submit a claim until the conflict is resolved.

[2] A TPF is a business that enters into agreements with merchants to register and prosecute their claims of settlement funds in exchange for a portion of the merchants' recovery. *See MDL 1720*, 2014 WL 4966072, at *4 (E.D.N.Y. Oct. 3, 2014) (describing "the business of third-party claims filing companies").

- Settlement Agreement dated Dec. 31, 2012, between Sharrak and Karana (under the name Marah Sharrak) resolving a divorce action (the "Divorce Settlement Agreement");

- Merchant Services Agreement dated May 16, 2024 between RSA and PMG, Inc. ("PMG"), signed by Sharrak as President of PMG, together with an authorization for RSA to register with *MDL 1720* Class Administrator on behalf of 13 subsidiary entities, listed by "d/b/a" name and TIN, including

    - Clark Orion Township Inc., TIN ending in 1372 ("Clark Orion-1372"),[3]

    - Paramount Fuel, TIN ending in 3418 ("Paramount-3418"), and

    - S & S Fuel Ventures, TIN ending in 4209 ("S & S-4209");[4]

- Merchant Authorization Forms ("MAFs") dated January 28, 2025, signed by Sharrak on behalf of eight entities identified by name and TIN, including Paramount-3418 and S & S-4209 but not including Clark Orion-1372;

- Agreement for Claim Filing Services ("ACFS") dated January 31, 2025, between Stoic and S & S-4209, signed by Karana as President of S & S-4209;

- ACFS dated February 1, 2025, between Stoic and Paramount Fuels, TIN ending in 1755 ("Paramount-1755"), signed by Karana as President of Paramount-1755;[5]

- ACFS dated February 1, 2025, between Stoic and Clark Orion-1372, signed by Karana as President of Clark Orion-1372;

- Emails about the instant conflicts among the registrants and the Class Administrator during the period from February 26 through June 13, 2025.

---

[3] The parties' conflicting registrations of the same TIN is at issue here under the entity name of Wow Kitchens – Lake Orion.

[4] The parties' conflicting registrations of the same TIN is at issue here under the entity name of Marathon Petroleum Co.

[5] The entity named Paramount Fuels with a TIN ending in 1755 is not one of the merchants whose TIN is at issue here. In Conflict ID No. 258166, the parties have both registered the TIN of a different entity named Paramount Fuels with a TIN ending in 3418. The latter is one of the subsidiaries of PMG listed in the Merchant Services Agreement dated May 16, 2024.

## II. Analysis

In their Divorce Settlement Agreement, Sharrak and Karana agreed that "[Sharrak] shall receive as his sole and separate property, free and clear of any claim or interest of [Karana] all of his or their right, title and interest in and to" a number of specified assets. Divorce Settlement Agreement § 20. Those assets included "[Sharrak's] interest and the interest of [Karana], if any, in" several named businesses including, as relevant here, "S & S Fuel Ventures, Inc.," "Clark Orion Twp. Inc. (Paramount Acquisitions)," and "Paramount Fuels – Maple & Haggerty Marathon (Paramount Acquisitions)." *Id*. § 20(a). Sharrak and Karana further agreed that "[Karana] will sign and deliver such documents as are reasonably necessary to transfer her ownership interest in the following entities to [Sharrak]" followed by a list including, among other entities, "Clark Orion Twp. Inc. (Paramount Acquisitions)" and "S & S Fuel Ventures, Inc." *Id*. § 21. The agreement also provided that Karana would retain certain assets, including a business named "K & S Fuel Ventures, Inc." *Id*. § 19(b). The Divorce Settlement Agreement did not identify any business by its TIN.

Notwithstanding the absence of TINs in the Divorce Settlement Agreement, it is clear from context that the TINs at issue here have all belonged to Sharrak since the end of 2012. Each of the TINs in conflict is explicitly associated with a business bearing the same name as one of those that the Divorce Settlement Agreement assigned to Sharrak. None of the TINs is associated with the one business assigned to Karana under that agreement. Because Sharrak owns each of the businesses whose TINs are at issue here, he has authority to appoint a TPF to register those TINS with the Class Administrator; Karana does not.

III. Recommendation

For the reasons set forth above, I respectfully recommend that the Court direct the Class Administrator to process RSA's registration of the three merchant TINs at issue here and wo withdraw Stoic's registration of those TINs.

IV. Objections

This Report and Recommendation will be served on RSA and Stoic via the Court's ECF system, and the Class Administrator will also promptly provide a copy to both. Any interested party shall have 21 days from today's date to file objections to the Special Master's report and recommendation with the Court. Such objections should be filed only on the dispute-specific miscellaneous docket (1:26-MC-03641-BMC-JAM). Any responses to objections may be filed within 21 days thereafter. No replies regarding objections shall be filed without the Court's permission. If any party objects to this Report and Recommendation, the evidence considered by the Special Master in making or recommending any findings of fact shall be filed on the dispute-specific miscellaneous docket. Such evidence may be filed under seal to protect confidentiality and the identities of claimants, as appropriate. The Court shall review the Special Master's reports and recommendations *de novo*. *See* Revised Order Appointing Special Master, 1:24-MC-03415-BMC-JAM, Doc. 3, ¶ 4.

Dated: September 9, 2026

*/s/ James Orenstein*
Special Master