UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- x

| | |
|---|---|
| IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTES | REPORT AND RECOMMENDATION OF SPECIAL MASTER |
| ------------------------------------------------------- x | 1:24-MC-03415-BMC-JAM |
| IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTE CONFLICT ID NUMBER: 201895 (WYCKOFF HEIGHTS MEDICAL CENTER, INC.). | 1:26-MC-03793-BMC-JAM |

------------------------------------------------------- x

**Parties and Representatives**:


Amanda Bender
Claims Compensation Bureau ("CCB")
130 Corporate Blvd.
Norfolk, VA 23502
(610) 834-9010
analyst@claimscompensation.com
Representative of CCB

Melissa Boos
Class Action Refund, LLC ("CAR")
3291 Estancia Lane
Boynton Beach, FL 33435
(443) 827-8777
lexi@carefundcenter.com
Representative of CAR

Sue Sagman
MCAG, Inc. ("MCAG")
7150 Granite Circle
Toledo, OH 43617
(800) 355-0466
sue.sagman@mcaginc.com
Representative of MCAG

Rule 23(b)(3) Class Plaintiffs (the "Class")
Alexandra S. Bernay
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
xanb@rgrdlaw.com
Class Counsel

## I. Background

CCB, CAR, and MCAG have all registered with the Class Administrator to claim a share of the proceeds of the settlement fund in *In re Payment Card Interchange Fee Merchant Discount Antitrust Litigation*, Dkt. no. 05-MD-1720 (E.D.N.Y.) ("*MDL 1720*") arising out of the payment card transactions of Wyckoff Heights Medical Center, Inc. ("WHMC").[1] Each registrant is a TPF that signed an agreement with WHMC – MCAG in March 2010, CCB in February 2019, and CAR in April 2019.[2] Because WHMC has stated its preference to have CCB serve as its agent, I respectfully recommend that the Court direct that Class Administrator to process CCB's registration and withdraw the registrations of CAR and MCAG.

---

[1] Before submitting a claim to receive the settlement proceeds corresponding to the payment card transactions of a merchant member of the Rule 23(b)(3) Settlement Class (the "Class"), a party must first register that merchant's TIN with the Class Administrator. The registrant must provide proof that it is the owner (or authorized representative of the owner) of the claim corresponding to that merchant TIN. In the absence of supporting documentation, this requirement can also be satisfied by providing the Claimant ID and Control Number printed on the original prepopulated claim forms that were mailed to known class members. Once the registrant establishes such authority, the Class Administrator updates the registrant's status to "approved." If there is only one approved registrant for a given TIN, the registrant may submit a claim for that TIN. In cases where multiple parties have registered the same TIN, the Class Administrator designates the TIN as being in "conflict" and does not permit any registrant to submit a claim until the conflict is resolved.

[2] A TPF is a business that enters into agreements with merchants to register and prosecute their claims of settlement funds in exchange for a portion of the merchants' recovery. *See MDL 1720*, 2014 WL 4966072, at *4 (E.D.N.Y. Oct. 3, 2014) (describing "the business of third-party claims filing companies").

The record before me includes the following documents:

- Facility/Practice Agreement dated March 31, 2010, between MCAG and WHMC;
- Claim Service Agreement dated February 27, 2019, between CCB and WHMC;
- Agreement dated April 18, 2019, between CAR and WHMC;
- Emails dated April 29-May 30, 2024, among the registrants and the Class Administrator;
- Emails dated June 4-July 12, 2024, among the registrants, WHMC's Associate General Counsel, and the Class Administrator;
- Email dated October 9, 2024, from CCB to the Class Administrator; and
- Letter dated August 5, 2025, from CCB to the Class Administrator.

II. Analysis

It is blackletter law that a principal generally has the power to revoke an agent's authority, regardless of the existence of any contract between the two under which that revocation may constitute a breach. *See*, *e.g.*, *United Ins. Co. v. World Wide Web*, 2011 WL 1870599, at *2-3 (E.D.N.Y. Apr. 27, 2011) ("a principal has an inviolate right to revoke its agency at any time[;]" if "in doing so, the principal violates its obligations to the agent under their contract, the agent retains the legal recourse of bringing a breach of contract claim") (citing cases), *report and recommendation adopted* 2011 WL 1843280 (E.D.N.Y. May 16, 2011); Restatement (Third) Of Agency § 3.06 (2006).[3]

[3] The general rule does not apply when the authority granted to the agent is a "power given as a security." *See*, *e.g.*, *Gov't Guarantee Fund of Republic of Finland v. Hyatt Corp.*, 95 F.3d 291, 300 (3d Cir. 1996). However, a third-party filer's agreement to file a claim on behalf of a merchant in exchange for a portion of the merchant's recovery does not create a power given as a security; it creates no more than a revocable agency relationship. *See* Restatement (Third) Of Agency § 3.12, illus. 4 (2006) ("P develops a mechanical invention and engages A to patent the invention…. P authorizes A to file patent documents on P's behalf…. P agrees … to pay A half

Accordingly, as the owner of the relevant claims, WHMC has the authority to choose an agent to register those claims on its behalf with the Class Administrator or to do so itself. Knowing of the instant conflict, WHMC has stated through its Associate General Counsel that it wishes to have CCB serve as is claim-filing agent. Regardless of any contractual rights CAR and MCAG may have as a result of their respective agreements with WHMC, those other registrants have no power to override WHMC's choice of agent. I therefore respectfully recommend that the Court permit CCB, and not CAR or MCAG, to register on behalf of WHMC.

I do not discount the possibility that CAR and Manor may have some enforceable rights arising out of their agreements with WHMC to recover damages proportional to the latter's recovery. But they must assert any such claims against WHMC (or any other party they believe to be liable) rather than as a direct claim for a portion of the settlement fund. Neither CAR nor MCAG has mentioned the possibility of any such lawsuit, and I do not address the merits of their potential claims here. Further, I would recommend against adjudicating any such claim within the *MDL 1720* litigation. As this Court has already held, such ancillary claims "do not fall under this Court's retained settlement jurisdiction" but must instead be litigated "in independent lawsuits, outside of MDL 1720." *MDL 1720 Disputes*, 2026 WL 2389790, at *1 (E.D.N.Y. Aug. 17, 2026).

## III. Recommendation

For the reasons set forth above, I respectfully recommend that the Court direct the Class Administrator to process CCB's registration on behalf of WHMC and withdraw the registrations of CAR and MCAG.

---

of P's profits. Even if A's authority is stated to be irrevocable, A does not hold a power given as security.")

IV. Objections

This Report and Recommendation will be served on all registrants who are parties to the instant conflict via the Court's ECF system, and the Class Administrator will also promptly provide a copy to all such registrants. Any interested party shall have 21 days from today's date to file objections to the Special Master's report and recommendation with the Court. Such objections should be filed only on the dispute-specific miscellaneous docket (1:26-MC-03793-BMC-JAM). Any responses to objections may be filed within 21 days thereafter. No replies regarding objections shall be filed without the Court's permission. If any party objects to this Report and Recommendation, the evidence considered by the Special Master in making or recommending any findings of fact shall be filed on the dispute-specific miscellaneous docket. Such evidence may be filed under seal to protect confidentiality and the identities of claimants, as appropriate. The Court shall review the Special Master's reports and recommendations *de novo*. *See* Revised Order Appointing Special Master, 1:24-MC-03415-BMC-JAM, Doc. 3, ¶ 4.

Dated: September 22, 2026

*/s/ James Orenstein*
Special Master