UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------ x

| | |
|---|---|
| IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTES | REPORT AND RECOMMENDATION <u>OF SPECIAL MASTER</u> |
| ------------------------------------------------------ x | 1:24-MC-03415-BMC-JAM |
| IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTE CONFLICT ID NUMBER 121825 (CATFISH COVE). | 1:26-MC-03591-BMC-JAM |

------------------------------------------------------ x

**Parties**:

Rex Swearingen

Kelli Michael on behalf of Bill Michael, Inc.

Rule 23(b)(3) Class Plaintiffs (the "Class")

**Representatives**:

Rex Swearingen
404 N Mustang Rd.
Yukon, OK 73099-5133
(940) 736-3992
Rexter45@yahoo.com
Representing himself

Kelli Michael
11112 Katie Beth Ln.
Oklahoma City, OK 73170
(405) 615-6177
bmich42@aol.com
Representing herself as authorized registrant for Bill Michael, Inc.

Alexandra S. Bernay
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
xanb@rgrdlaw.com
Class Counsel

I. <u>Background</u>

Rex Swearingen ("Swearingen") and Kelli Michael ("Michael") have both registered with the Class Administrator to claim a share of the proceeds of the settlement fund in *In re Payment Card Interchange Fee Merchant Discount Antitrust Litigation*, Dkt. no. 05-MD-1720 (E.D.N.Y.) ("*MDL 1720*") arising out of the payment card transactions of Catfish Cove, with a Taxpayer Identification Number ("TIN") ending in 9211.[1] As explained below, I respectfully recommend that the Court direct the Class Administrator to process Michael's registration and withdraw Swearingen's.

Swearingen has not responded to the Class Administrator's Conflict Notice. Accordingly, the following recitation of facts is based on the uncontested assertions in Michael's submissions (two emails and one letter) and supporting documents as listed below.

- Monthly statement from Prosperity Bank to Bill Michael Inc. dated May 31, 2015
- Monthly statements from Integrity Payment Systems to Bill Michael Inc. for Catfish Cove dated June 30 and October 31, 2015 (each showing aggregate monthly credit card sales of Catfish Cove)
- U.S. Income Tax Return for an S Corporation (2015) filed for Bill Michael Inc., TIN ending in 9211, dated May 23, 2016

[1] Before submitting a claim to receive the settlement proceeds corresponding to the payment card transactions of a merchant member of the Rule 23(b)(3) Settlement Class (the "Class"), a party must first register that merchant's TIN with the Class Administrator. The registrant must provide proof that it is the owner (or authorized representative of the owner) of the claim corresponding to that merchant TIN. In the absence of supporting documentation, this requirement can also be satisfied by providing the Claimant ID and Control Number printed on the original prepopulated claim forms that were mailed to known class members. Once the registrant establishes such authority, the Class Administrator updates the registrant's status to "approved." If there is only one approved registrant for a given TIN, the registrant may submit a claim for that TIN. In cases where multiple parties have registered the same TIN, the Class Administrator designates the TIN as being in "conflict" and does not permit any registrant to submit a claim until the conflict is resolved.

- Oklahoma Small Business Corporation Income Tax Return (2015) filed for Bill Michael Inc., TIN ending in 9211, dated May 23, 2016 (with an article about Catfish Cove from the Moore Monthly magazine dated August 2010 appended)
- Meeting minutes for Catfish Cove #1, LLC dated January 2, 2017
- Meeting minutes for Catfish Cove #2, LLC dated January 2, 2017
- Letter from the Oklahoma Secretary of State addressed to Swearingin dated January 5, 2017
- Emails from Michael dated March 18 and 29, 2024
- Letter from Michael dated October 27, 2025
- Merchant Authorization form dated August 24, 2026, authorizing Michael to register the TIN ending in 9211 of Bill Michael Inc. d/b/a Catfish Cove

Bill and Kelli Michael are co-owners of Bill Michael Inc. ("BMI"), which has a TIN ending in 9211. BMI owned a restaurant called Catfish Cove from 2010 to 2017. In January 2017, Swearingen ought into the business and became equal partners with Michael in a new entity with a new TIN that then owned and operated Catfish Cove. Michael and Swearingen remained partners until 2020, after the close of the class period. After the instant conflict arose, Michael tried to reach Swearing to resolve but never heard back from him. Swearingen was never associated with the TIN ending in 9211 and has never been authorized to register with the Class Administrator on behalf of that entity.

II. Analysis

Based on the uncontested record before me, I find that BMI owns the claim for settlement funds arising from the transactions of the Catfish Cove restaurant for the period from 2010 through January 2017, when it was owned by BMI with a TIN ending in 9211. While Swearingen may be in a position to register for the entity with a different TIN that took over Catfish Cove in 2017 (as to which I express no view), he lacks authority to register BMI's TIN.

I do not address here any potential claim for a portion of BMI's recovery that Swearingen may have against BMI or its owners arising from the 2017 transfer of Catfish Cove. Even if Swearingen did seek to assert such a claim, I would recommend against adjudicating it within the *MDL 1720* litigation. As this Court has already held, such ancillary claims "do not fall under this Court's retained settlement jurisdiction" but must instead be litigated "in independent lawsuits, outside of MDL 1720." *In re MDL 1720 Damages Class Settlement Disps*., 2026 WL 2389790, at *1 (E.D.N.Y. Aug. 17, 2026).

III. Recommendation

For the reasons set forth above, I respectfully recommend that the Court direct the Class Administrator to process Michael's registration and withdraw Swearingen's.

IV. Objections

This Report and Recommendation will be served on Swearingen and Michael via the Court's ECF system, and the Class Administrator will also promptly provide a copy to each of them. Any interested party shall have 21 days from today's date to file objections to the Special Master's report and recommendation with the Court. Such objections should be filed only on the dispute-specific miscellaneous docket (1:26-MC-03591-BMC-JAM). Any responses to objections may be filed within 21 days thereafter. No replies regarding objections shall be filed without the Court's permission. If any party objects to this Report and Recommendation, the evidence considered by the Special Master in making or recommending any findings of fact shall be filed on the dispute-specific miscellaneous docket. Such evidence may be filed under seal to protect confidentiality and the identities of claimants, as appropriate. The Court shall review the

Special Master's reports and recommendations *de novo*. *See* Revised Order Appointing Special Master, 1:24-MC-03415-BMC-JAM, Doc. 3, ¶ 4.

Dated: September 4, 2026

*/s/ James Orenstein*
Special Master