UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------ x

IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTES

REPORT AND RECOMMENDATION OF SPECIAL MASTER

------------------------------------------------------ x

1:24-MC-03415-BMC-JAM

IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTE CONFLICT ID NUMBER:

145555 (ELM CHEVROLET CO., INC.).

1:26-MC-04005-BMC-JAM

------------------------------------------------------ x

**Parties and Representatives**:

Claims Compensation Bureau ("CCB")
Amanda Bender
130 Corporate Blvd.
Norfolk, VA 23502
(610) 834-9010
analyst@claimscompensation.com
Representative of CCB

National Equity Development Group ("NED")
Janice Hart
2775 Main Street
Buffalo, NY 14214
(800) 729-5998
jhart@nationalequity.com
Representative of NED

Rule 23(b)(3) Class Plaintiffs (the "Class")
Alexandra S. Bernay
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
xanb@rgrdlaw.com
Class Counsel

I. Background

CCB, NED, and Class Action Refund, LLC ("CAR") have all registered with the Class Administrator to claim a share of the proceeds of the settlement fund in *In re Payment Card Interchange Fee Merchant Discount Antitrust Litigation*, Dkt. no. 05-MD-1720 (E.D.N.Y.) ("*MDL 1720*") arising out of the payment card transactions of Elm Chevrolet Co., Inc. ("Elm"), which has a Taxpayer Identification Number ("TIN") ending in 3387.[1] CAR has since withdrawn its registration. Each of CCB and NED is a TPF that signed an agreement in 2019 to provide claim filing service to Elm.[2] In each case, Jessica Kingsley ("Kingsley") signed the agreement as Elm's representative. After being advised of the conflict, Elm's representative Kingsley selected CCB as Elm's claim filing agent. I therefore respectfully recommend that the Court direct the Class Administrator to process CCB's registration of Elm's TIN and withdraw NED's.

The record before me includes the following documents:

- Authorization and Representation Agreement dated August 19, 2019, between NED and Elm;
- Claim Service Agreement dated November 8, 2019, between CCB and Elm;
- Class Administrator's Notice of Conflict dated April 5, 2024;

---

[1] Before submitting a claim to receive the settlement proceeds corresponding to the payment card transactions of a merchant member of the Rule 23(b)(3) Settlement Class, a party must first register that merchant's TIN with the Class Administrator. The registrant must provide proof that it is the owner (or authorized representative of the owner) of the claim corresponding to that TIN. In the absence of supporting documentation, this requirement can also be satisfied by providing the Claimant ID and Control Number printed on the original prepopulated claim forms that were mailed to known class members. Once the registrant establishes such authority, the Class Administrator updates the registrant's status to "approved." If there is only one approved registrant for a given TIN, the registrant may submit a claim for that TIN. Where multiple parties have registered the same TIN, the Class Administrator designates the TIN as being in "conflict" and does not permit any registrant to submit a claim until the conflict is resolved.

[2] A TPF is a business that enters into agreements with merchants to register and prosecute their claims of settlement funds in exchange for a portion of the merchants' recovery. *See MDL 1720*, 2014 WL 4966072, at *4 (E.D.N.Y. Oct. 3, 2014).

- Email dated April 11, 2024, from CAR to Class Administrator withdrawing registration;
- Class Administrator's Special Master Review Notification dated December 12, 2025;
- Payment Card Interchange Fee Settlement Merchant Authorization Form ("MAF") dated January 2, 2026, designating CCB as Elm's TPF;
- Letter dated January 7, 2026, from CCB to Class Administrator attaching completed MAF; and
- Class Administrator's Special Master Review Notification (Supplemental Appeal Notice) dated August 26, 2026.

II. <u>Analysis</u>

It is blackletter law that a principal generally has the power to revoke an agent's authority, regardless of the existence of any contract between the two under which that revocation may constitute a breach. *See*, *e.g.*, *United Ins. Co. v. World Wide Web*, 2011 WL 1870599, at *2-3 (E.D.N.Y. Apr. 27, 2011) ("a principal has an inviolate right to revoke its agency at any time[;]" if "in doing so, the principal violates its obligations to the agent under their contract, the agent retains the legal recourse of bringing a breach of contract claim") (citing cases), *report and recommendation adopted* 2011 WL 1843280 (E.D.N.Y. May 16, 2011); Restatement (Third) Of Agency § 3.06 (2006).[3] Elm therefore has the authority to choose an agent to register those claims on its behalf with the Class Administrator. Regardless of any contractual rights NED may have as a result of its agreement with Elm, it has no power to

[3] The general rule does not apply when the agent's authority is a "power given as a security." *See*, *e.g.*, *Gov't Guarantee Fund of Republic of Finland v. Hyatt Corp.*, 95 F.3d 291, 300 (3d Cir. 1996). However, a merchant's claim filing agreement with a TPF does not create such a power; it creates no more than a revocable agency relationship. *See* Restatement (Third) Of Agency § 3.12, illus. 4 (2006) (patent filing agent who will receive a share of the profits does not hold a power given as security).

override Elm's choice of agent. I therefore respectfully recommend that the Court permit CCB, and not NED, to register Elm's TIN.

I do not discount the possibility that NED may have some enforceable right against Elm (or some other party) arising out of their 2019 agreement. But Elm must assert any such claim against whatever party is liable to it rather than as a direct claim for a portion of the settlement fund. NED has not mentioned the possibility of any such lawsuit, and I do not address its merits here. Further, I would recommend against adjudicating any such claim within the *MDL 1720* litigation. As this Court has already held, such ancillary claims "do not fall under this Court's retained settlement jurisdiction" but must instead be litigated "in independent lawsuits, outside of MDL 1720." *In re MDL 1720 Damages Class Settlement Disputes*, 2026 WL 2389790, at *1 (E.D.N.Y. Aug. 17, 2026).

## III. Recommendation

For the reasons set forth above, I respectfully recommend that the Court direct the Class Administrator to process CCB's registration of Elm's TIN and withdraw NED's.

## IV. Objections

This Report and Recommendation will be served on CCB and NED via the Court's ECF system, and the Class Administrator will also promptly provide a copy to both. Any interested party shall have 21 days from today's date to file objections to the Special Master's report and recommendation with the Court. Such objections should be filed only on the dispute-specific miscellaneous docket (1:26-MC-04005-BMC-JAM). Any responses to objections may be filed within 21 days thereafter. No replies regarding objections shall be filed without the Court's permission. If any party objects to this Report and Recommendation, the evidence considered by the Special Master in making or recommending any findings of fact shall be filed on the dispute-

specific miscellaneous docket. Such evidence may be filed under seal to protect confidentiality and the identities of claimants, as appropriate. The Court shall review the Special Master's reports and recommendations *de novo*. *See* Revised Order Appointing Special Master, 1:24-MC-03415-BMC-JAM, Doc. 3, ¶ 4.

Dated: October 5, 2026

*/s/ James Orenstein*
Special Master