UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTES | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| IN RE MDL 1720 DAMAGES CLASS SETTLEMENT APPEALS OF REGISTRANT MONETA ENTERPRISES LLC | 24-mc-3415 (BMC)<br>26-mc-3201 (BMC) |

**COGAN**, District Judge.

This matter is before me on the Report and Recommendation ("R&R") of the Special Master, Judge James Orenstein (Ret.), dated August 6, 2026. The Court has reviewed the objections of Moneta Enterprises LLC ("Moneta") and has considered the issues raised *de novo* pursuant to Federal Rule of Civil Procedure 53(f). For the reasons set forth below, the Court overrules the objections and adopts the R&R as the decision of the Court.

The relevant facts are well-accounted for in Judge Orenstein's R&R, and Moneta does not meaningfully dispute them. In summary, Moneta is not a settlement class member because it does not accept payment cards. See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig., 735 F. Supp. 3d 249, 254 (E.D.N.Y. 2024) ("PayFacs I") (defining the damages class as "all persons, businesses, and other entities that have accepted any Visa-Branded Cards and/or Mastercard-Branded Cards in the United States at any time from January 1, 2024 to the Settlement Preliminary Approval Date [of January 24, 2010]."), aff'd, No. 24-1653, 2026 WL 1210154 (2d Cir. May 4, 2026) ("PayFacs II"). Moneta is a payment facilitator for government agencies that accept payment cards.

As set forth in the R&R, four prior decisions in MDL 1720 have established that payment facilitators are not members of the damages class because they do not accept payment cards. See

In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig., No. 05-md-1720, 2019 WL 6875472, at *31 (E.D.N.Y. Dec. 16, 2019) (defining damages class), aff'd sub nom., Fikes Wholesale, Inc. v. HSBC Bank USA, N.A., 62 F.4th 704 (2d Cir. 2023); Fikes, F.4th at 715 (explaining that "[w]hoever 'accepted' the payment cards is by definition in the class" and "an entity that did not accept the payment is by definition excluded from the class"); PayFacs I, 735 F. Supp. 3d at 252 (holding that payment facilitators did not "accept" payment cards used to pay for goods and services sold by their merchant clients and therefore were not members of the class); In re MDL 1720 Damages Class Settlement Disputes, No. 24-mc-3415, 2026 WL 1729167, at *2 (E.D.N.Y. June 16, 2026) (holding that Teleflora was not a member of the class with respect to transactions it facilitated).

Moneta does not object to Judge Orenstein's conclusion that it is not a class member. Instead, Moneta argues that it should be permitted to "act as the authorized representative of the governmental agencies [("Merchant Agencies")] that accepted the cards and own the corresponding claims." In support of this argument, "Moneta is compiling Merchant Agency-specific records evidencing its authority to act for the Merchant Agencies associated with the registered TINs."

Although third parties are permitted to submit claims on behalf of class members, Moneta has not purported to represent its merchant clients in this capacity until now. Moneta insists that its designation as a payment facilitator "does not invalidate the merchant's underlying claim or categorically prohibit the payment facilitator from acting on the merchant's behalf"; it merely "identifies a deficiency in the payment facilitator's proof of authority that the procedures permit the payment facilitator to address."

But Moneta has not addressed that failure of proof. With its objection, it submitted two documents purporting to show Moneta's authority to act for the Merchant Agencies. One is a technology agreement from 2018 that makes no reference to the settlement. The other, a document titled "Proof of Authority," states that one merchant, the County of Bates, "give[s] Moneta Enterprises authorization to continue with the filing of the settlement claim." This proffer of vague evidence provides, at best, authority for Moneta to continue pursuing the claim for *one* out of the 358 Taxpayer Identification Numbers ("TINs") it registered with the Class Administrator. The "Proof of Authority" document also suggests that Moneta is seeking to obtain this authority from the Merchant Agencies as a post-hoc justification for the claims that it submitted well over a year ago (*i.e.*, before the February 2025 deadline). On these facts, the Court declines to allow Moneta to transform itself into a third-party claims administrator now that its attempt to proceed as a class member has failed.

For the foregoing reasons, Moneta's objections are overruled, and the Court adopts Judge Orenstein's R&R in full.

**SO ORDERED.**

Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
October 13, 2026