UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTES | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| IN RE MDL 1720 DAMAGES CLASS SETTLEMENT APPEAL OF REGISTRANT MERIDIAN COOPERATIVE, INC. | 24-mc-3415 (BMC)<br>26-mc-3394 (BMC) |

**COGAN**, District Judge.

This matter is before me on the Report and Recommendation ("R&R") of the Special Master, Judge James Orenstein (Ret.), dated August 21, 2026. The Court has reviewed the objections of Meridian Cooperative, Inc. ("Meridian") and considered the issues raised *de novo* pursuant to Federal Rule of Civil Procedure 53(f). For the reasons set forth below, the Court overrules the objections and adopts the R&R as the decision of the Court.

The relevant facts are well-accounted for in Judge Orenstein's R&R, and Meridian does not meaningfully dispute them. In summary, Meridian is not a settlement class member because it does not accept payment cards. See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig., 735 F. Supp. 3d 249, 254 (E.D.N.Y. 2024) ("PayFacs I") (defining the damages class as "all persons, businesses, and other entities that have accepted any Visa-Branded Cards and/or Mastercard-Branded Cards in the United States at any time from January 1, 2024 to the Settlement Preliminary Approval Date [of January 24, 2010]."), aff'd, No. 24-1653, 2026 WL 1210154 (2d Cir. May 4, 2026) ("PayFacs II"). Meridian is a payment facilitator.

As set forth in the R&R, four prior decisions in MDL 1720 have established that payment facilitators are not members of the damages class because they do not accept payment cards. See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig., No. 05-md-1720, 2019 WL

6875472, at *31 (E.D.N.Y. Dec. 16, 2019) (defining damages class), aff'd sub nom., Fikes Wholesale, Inc. v. HSBC Bank USA, N.A., 62 F.4th 704 (2d Cir. 2023); Fikes, F.4th at 715 (explaining that "[w]hoever 'accepted' the payment cards is by definition in the class" and "an entity that did not accept the payment is by definition excluded from the class"); PayFacs I, 735 F. Supp. 3d at 252 (holding that payment facilitators did not "accept" payment cards used to pay for goods and services sold by their merchant clients and therefore were not members of the class); In re MDL 1720 Damages Class Settlement Disps., No. 26-mc-1019, 2026 WL 1729167, at *2 (E.D.N.Y. June 16, 2026) ("Teleflora") (holding that Teleflora was not a member of the class with respect to transactions it facilitated).

Meridian does not object to Judge Orenstein's conclusion that it is not a class member. Meridian objects to Judge Orenstein's recommendation that "the Class Administrator therefore need not grant Meridian the authority to register the TINs at issue" because "the utility companies that the Special Master identified as the proper class members should be afforded a process to be substituted or re-designated as the claimants with respect to the claims reflected in Meridian's timely registrations."

In short, Meridian insists that claims arising from the relevant transactions "should not be forfeited merely because the entity that registered the data is itself a payment facilitator rather than a class member." But that is not Meridian's concern because Meridian is not the proper claimant with respect to these transactions. The Court therefore declines to "direct the Class Administrator to establish a claimant-correction process" at Meridian's request. It is not Meridian who will be affected by the relevant merchants' ability or inability to recover for their claims. If those merchants wish to submit claims after the filing deadline now that Meridian has been found to be an improper claimant, the Court will consider whether it is appropriate to

accept their untimely claims. See In re Oxford Health Plans, Inc., 383 F. App'x 43, 45 (2d Cir. 2010) (explaining that a district court has discretion to allow or disallow late-submitted claims).

The Court also declines to disturb the Class Administrator's determination that the contracts Meridian submitted do not establish proof of its authority to register each of the relevant TINs. As explained in Teleflora, any analysis of such contracts is moot because Meridian "has no right to recover on behalf of" the merchants whose transactions it facilitated. 2026 WL 1729167, at *3.

For the foregoing reasons, Meridian's objections are overruled, and the Court adopts Judge Orenstein's R&R in full.

**SO ORDERED.**

Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
October 21, 2026